[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-11326
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00443-WSD-AJB-1

UNITED STATES,

Plaintiff-Appellee,

versus

MOISES RAMALES-CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 30, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:


Moises Ramales-Castillo pled guilty to illegally re-entering the United States

in violation of 8 U.S.C. § 1326(a) & (b)(2).  The district court imposed a sentence of 70 months' imprisonment, at the bottom of the advisory range of 70-87 months under the advisory Sentencing Guidelines.  On appeal, Mr. Ramales-Castillo – who requested a downward departure and downward variance to a sentence of 36 months – contends that the 70-month sentence was substantively unreasonable.  We disagree, and affirm.

We review a sentence for substantive reasonableness under an abuse of discretion standard.  *See Gall v. United States,* 552 U.S. 38, 51 (2007).  Reversal is appropriate if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the  [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

On this record, the 70-month sentence, which was within the advisory guideline range, was not substantively unreasonable.  First, as the district court noted, Mr. Ramales-Castillo returned to the United States only a week after being removed, and this showed that he did "not intend to comply" with the law.  Second, after returning to the United States illegally, Mr. Ramales-Castillo was convicted of battery in Georgia.  Third, Mr. Ramales-Castillo had a number of prior felony

2

convictions – resulting in a criminal history category of V – and the district court found that he had "engaged in pretty serious criminal activity" ranging from "significant property offenses to significant drug offenses." Fourth, the district court considered, and rejected, the claim of cultural assimilation (under a downward departure theory and a downward variance theory), *see, e.g.,* U.S.S.G. § 2L1.2, cmt. (n. 8), because Mr. Ramales-Castillo had moved to Georgia while his family remained in California, the conduct in which Mr. Ramales-Castillo had engaged "present[ed] serious risk to the community," and although Ramales-Castillo had been in the United States "for a long time, there [was] not a lot of evidence that he ha[d] become part of the American fabric."

    **AFFIRMED.**